# United States Court of Appeals
# for the Fifth Circuit

---

No. 20-40429
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

February 26, 2021

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ivan Carvajal,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:19-CR-57-1

---

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Following a jury trial, Ivan Carvajal was convicted of one charge of possessing a prohibited weapon in prison and was sentenced to serve a below-guidelines term of 30 months in prison and a two-year term of supervised release. Now, he argues that the evidence adduced at trial did not suffice to

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40429

identify him as the perpetrator and that his due process rights were infringed by the destruction of the video of the incident underlying this charge. These claims are reviewed for plain error due to his failure to preserve them. *See United States v. Aparicio*, 963 F.3d 470, 473 (5th Cir.), *cert. denied*, 141 S. Ct. 435 (2020); *United States v. Oti*, 872 F.3d 678, 686 (5th Cir. 2017).

To prevail under this standard, Carvajal must show an obvious unpreserved error that infringes his substantial rights. *See United States v. Delgado*, 672 F.3d 320, 329 (5th Cir. 2012) (en banc). When applying this test to an unpreserved sufficiency claim, relief is warranted only for "a manifest miscarriage of justice," which occurs when "the record is devoid of evidence pointing to guilt or if the evidence is so tenuous that a conviction is shocking." *Id.* at 331 (internal quotation marks, citation, and emphasis omitted). Review of the record shows that this standard has not been met, as trial evidence identified Carvajal as the perpetrator.

When, as is the case here, a defendant challenges the destruction of evidence that could have helped him, he must show that the Government acted with bad faith in destroying evidence. *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). Carvajal does not even try to meet this standard and thus has not shown an obvious error. *See id.*; *Delgado*, 672 F.3d at 329.

AFFIRMED.